**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

☐ _____ Amended Plan (Indicate 1st, 2nd, etc. amended, if applicable)
☒ __2nd__ Modified Plan (Indicate 1st, 2nd, etc. amended, if applicable)

DEBTOR: __Marcos J. Levy__    JOINT DEBTOR: _____    CASE NO.: __15-10131-JKO__
Last Four Digits of SS# __3562__    Last Four Digits of SS# _____

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for the period of __60__ months. In the event the trustee does not collect the full 10%, any portion not collected will be paid to creditors pro-rata under the plan:

A. $ __1,932.64__ for months __1__ to __10__ ;
B. $ __4,947.83__ for months __11__ to __-__ ;
C. $ __2,883.11__ for months __12__ to __60__ ; in order to pay the following creditors:

Administrative:
Attorney's Fee:         $ __6,165.00 ($3500.00 + $2165.00 MMM + $500.00 Mtn to Mod)__
Total Paid Pre Petition $ __3,500.00__
Total Paid In Plan     $ __541.26__
Balance Due -          $ __2,665.00__ payable $ __54.13__ /month (Months __1__ to __10__ )
Balance Due -          $ __2,123.74__ payable $__2,123.74__/month (Months __11__ to __-__ )

Secured Creditors: [Retain Liens pursuant to 11 U.S.C. '1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

1.   __Bayview Financial Loan__        Arrearage on Petition Date $3,867.27
Address: __Bankruptcy Dept.__          Current Arrearage $ 3240.00
   __4425 Ponce De Leon Blvd, 5th Fl.__ Arrears Payment  $ __62.73__/month (Months __1__ to 10)
   __Miami, FL  33146__                Regular Payment  $ __729.93__/month (Months __1__ to 10)
Account No: __xx6944__                 Arrears Payment  $ __200.00__/month (Months 11 to __-__ )
                                       Arrears Payment  $ __62.05__/month (Months 12 to 60)
                                       Regular Payment  $ __735.54__/month (Months __11__ to 60)

2.   __Bayview Financial Loan__        Post Petition Arrearage $728.00
Address: __Bankruptcy Dept.__          Arrears Payment  $ __14.56__/month (Months __11__ to 60)
   __4425 Ponce De Leon Blvd, 5th Fl.__
   __Miami, FL  33146__
Account No: __xx6944__

3.   __Chase Mortgage__                Arrearage on Petition Date $32,971.25
Address: __P.O. Box 24696__            LMM Payment    $ __1,029.65__ /month (Months 1 to 10)
   __Columbus, OH  43224__             Arrears Payment $ __300.00__ /month (Months 11 to __-__ )
Account No: __4974__                   Regular Payment $ __1,043.55**__/month (Months 11 to 60)
                                       Arrears Payment $ __666.77__ /month (Months 12 to 60)

*** Regular Payment is comprised of the regular payment in the amount of $1,041.24 and an additional $2.31 a month for a total of $1,043.55. Chase received the equivalent of $1,029.69 monthly for the first 10 months. Therefore, the difference between the regular payment amount of $1041.24 and the $1,029.69 received monthly is $11.55/month for a total of $115.50. Said amount divided by the remaining 50 months equals $2.31. Accordingly, the regular payment of $1041.24 has been increased by $2.31 to avoid a delinquency at the end of the 60 month plan.**

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 and LR 3015-3.**

| Secured Creditor | Description of Collateral and Value of Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|
| NONE. | | | | | |

LF-31 (rev. 01/08/10)

<u>Priority Creditors:</u> [as defined in 11 U.S.C. '507]

1.   NONE.                 Total Due $_____
                                  Payable $_____ /month (Months_____ to _____)

<u>Unsecured Creditors:</u>   Pay $__80.64__ /month (Months__11__ to __-__);
                              Pay $__98.54__ /month (Months__12__ to __60__);

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

Other Provisions Not Included Above: Modification begins in month 11 of the plan which is December, 2015.

Rejected Contracts and/or Leases
NONE
Assumed Contracts and/or Leases
NONE

The debtor(s) is hereby advised that the chapter 13 trustee has requested that the debtor(s) comply with 521(f) 1-4 on an annual basis during the pendency of this case. The debtor(s) hereby acknowledges that the deadline for providing the Trustee with their filed tax returns is on or before May 15 of each year the case is pending and that the debtor(s) shall provide the trustee with verification of their disposable income if their gross household income increases by more than 3% over the previous year's income.

The Debtor has filed a Verified Motion for Referral to MMM with **Chase Mtg** ("Lender"), loan number **xxxx4974,**, for real property located at *567 RACQUET CLUB RD #18 WESTON FL 33326*. The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, the Debtors have included a post-petition plan payment, absent Court order to the contrary, of no less than 31% of the Debtors' gross monthly income as a good faith adequate protection payment to the Lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the Lender. Until the MMM is completed and the Final Report of Mortgage Mitigation Mediator is filed, any objection to the Lender's Proof of Claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the Proof of Claim only. The Debtors shall assert any and all other objections to the Proof of Claim prior to confirmation of the plan or modified plan. If the Debtors, co-obligor/co-borrower or other third party (if applicable) and the Lender agree to a settlement as a result of the pending MMM, the Debtor will file a Motion to Approve Mortgage Mitigation Agreement with Lender no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the Debtor shall immediately amend or modify the plan to reflect the settlement and the Lender shall amend its Proof of Claim to reflect the settlement, as applicable. If a settlement is reached after the plan is confirmed, the Debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement. In the event the Debtor receives any financial benefit from the Lender as part of any agreement, the Debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly. If the Lender and the Debtor fail to reach a settlement, then no later than 14 calendar days after the Mediator's Final Report is filed, the Debtor will amend or modify the plan to (a) conform to the Lender's Proof of Claim (if the Lender has filed a Proof of Claim) or (b) provide that the real property will be surrendered. If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the Lender will be considered "treated outside the plan" and the Lender shall have in rem relief from the automatic stay as to the real property being surrendered. Notwithstanding the foregoing, Lender may file a motion to confirm that the automatic stay is not in effect as to the real property. Confirmation of the plan will be without prejudice to the assertion of any rights the Lender has to address payment of its Proof of Claim.

The debtor(s) will modify the plan to increase the amounts to be paid to provide for a 100% payment of all allowed unsecured claims

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

 /s/ Michael Marcer_____
Michael Marcer, Esq.                                                    Joint Debtor
Attorney for Debtor
Date:_____12/08/2015_____                 Date:_____

LF-31 (rev. 01/08/10)